(Court of Criminal Appeals of Texas.   April 26, 1922.)

1. **Infants** 🔑16—**Rule for determination of age of infant, applying for trial under juvenile delinquent act, stated; "satisfied."**

Vernon's Ann. Code Cr. Proc. 1916, art. 1195, providing that a child under 17 charged with felony may be tried as a delinquent, if the judge is "satisfied" from the evidence that defendant is under such age, is mandatory, and, if the evidence is such as to leave no room for a difference of opinion among reasonable minds, it is the duty of the court to give the infant the benefit of the statute, the word "satisfied" not permitting a capricious or arbitrary determination against the infant (citing Words and Phrases, Second Series, Satisfied).

2. **Infants** 🔑16—**Evidence held to show infant entitled to benefit of Juvenile Delinquent Act.**

Evidence *held* sufficient to show that an infant charged with a felony was under 17 years of age so as to be entitled to benefit of Vernon's Ann. Code Cr. Proc. 1916, art. 1195.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge

Herman McRuffin was convicted of theft, and appeals.   Reversed and remanded.

Bumpass & Wade, of Terrell, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J.   The conviction is for theft, a felony; punishment fixed at confinement in the penitentiary for a period of two years.

The appellant, following the procedure prescribed by the statute, preliminary to the trial, filed an affidavit charging that he was under the age of 17 years.   Article 1195, Code of Crim. Proc.   After hearing evidence upon this issue, the trial court decided against appellant's contention.

[1] Appellant, a negro boy, apparently the bastard son of the daughter of Chas. McRuffin, was born and reared in his grandfather's house and family.   His mother was dead; his father was unknown to the witnesses who testified.   His grandfather testified that, according to the best of his knowledge and recollection, appellant was 16 years of age "and going on 17," as he expressed it.   The grandmother testified that he was 16 or 17 years old, she did not remember which; that she did not remember her own age, though she knew the year in which she was born; that the appellant was only a boy and had just put on long trousers last year.   The sheriff had known the grandfather for about 30 years, and had only known the boy during the two months he

had been in custody, though he had known of him and would judge him to be between 16 and 17 years of age.   Another witness for the state had known the boy for some time and judged him to be about 16 years old, and said that he considered him just a boy who cleaned up offices.   Another state's witness said that it was hard to judge a negro boy's age by his appearance, but that he was probably 16 or 17 years old.   Still another witness said that he did not know his age, but considered him just a boy.

It is not the policy of the state to confine in the penitentiary boys under the age of 17 years.   The Juvenile Laws, Title 17, Code of Crim. Proc., reflect a contrary intent of the legislative department of the government.   McLaren v. State, 82 Tex. Cr. R. 451, 199 S. W. 811.   If the evidence heard upon the issue made satisfies the trial judge that the offender is under 17 years, the statute requiring that he be given the benefit of the Juvenile Laws is mandatory.   McLaren v. State, supra; Miller v. State, 82 Tex. Cr. R. 495, 200 S. W. 389; Ex parte Pruitt, 82 Tex. Cr. R. 394, 200 S. W. 392; Ex parte McLoud, 82 Tex. Cr. R. 299, 200 S. W 394.   Conceding that the statute is so framed as to put the burden of proof on this issue upon the accused, still, if the evidence is such as to leave no room for a difference of opinion among reasonable minds, this court will not sanction a judgment against the evidence.

[2] The term "satisfied" in the statute does not mean that the issue may be decided against the accused capriciously or arbitrarily.   4 Words and Phrases, Second Series, p. 470; United States v. Hrasky, 240 Ill. 560, 88 N. E. 1031, 130 Am. St. Rep. 288, 16 Ann. Cas. 279.   The appellant should, in our opinion, have been tried as a juvenile.

The judgment is reversed and the cause remanded.

## LOWE v. STATE.   (No. 6905.)

(Court of Criminal Appeals of Texas. April 26, 1922.)

**Criminal law** 🔑1144(10, 13)—**Court will presume trial properly conducted and verdict supported by evidence in absence of bills of exception and statement of facts.**

The Court of Criminal Appeals, in the absence of bills of exception and statement of facts, must presume that the trial was conducted in an orderly way, and that the verdict is supported by the evidence.

Appeal from Criminal District Court, Dallas County; Robert B. Seay, Judge.

Walter Lowe was convicted of robbery, and he appeals.   Affirmed.

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for robbery, punishment being assessed at five years' confinement in the penitentiary.

No statement of facts or bills of exception accompany the record. The indictment charges an offense under the statute, and, in the absence of bills of exception or statement of facts, we must presume the ·trial was conducted in an orderly way, and that the verdict is supported by the evidence.

The judgment of the trial court is affirmed.